IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:16-cr-00051-BR |
| Plaintiff, | ORDER |
| v. | |
| **AMMON BUNDY, JON RITZHEIMER, JOSEPH O'SHAUGHNESSY, RYAN PAYNE, RYAN BUNDY, BRIAN CAVALIER, SHAWNA COX, PETER SANTILLI, JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, DAVID LEE FRY, JEFF WAYNE BANTA, SANDRA LYNN ANDERSON, KENNETH MEDENBACH, BLAINE COOPER, WESLEY KJAR, COREY LEQUIEU, NEIL WAMPLER, JASON CHARLES BLOMGREN, DARRYL WILLIAM THORN, GEOFFREY STANEK, TRAVIS COX, ERIC LEE FLORES, and JAKE RYAN,** | |
| Defendants. | |

**BROWN, Judge.**

This matter comes before the Court on Defendant Ammon Bundy's Memorandum (#365) in Opposition to Signed Protective

1 - ORDER

Order and Motion to Modify in which Ammon Bundy objects to the Court's entry of Protective Order (#342) on March 24, 2016. Defendant Ryan Bundy joins Ammon Bundy's objections.

In the Protective Order, which was agreed to by the government and all Defendants except Ammon Bundy,[1] the Court ordered that defense counsel could provide copies of discovery only to (1) Defendants in this case, (2) "[p]ersons employed by the attorney of record who are necessary to assist counsel of record in preparation for trial or other proceedings in this case," and (3) "[p]ersons who defense counsel deems necessary to further legitimate investigation and preparation of this case." Protective Order (#342) at 1. The Protective Order applies to (1) "[s]tatements by witnesses and defendants to government officials," (2) sealed documents, and (3) "[e]vidence received from searches of electronic media." *Id.* at 2. In the event any defense counsel believes an exception should be made to the Protective Order, the Order directs defense counsel to confer with the government before "seeking guidance from this Court." *Id.*

The Court entered the Protective Order after finding by Order (#285) issued March 9, 2016, that "the government has

---

[1] Although Ryan Bundy initially agreed to the Protective Order, Ammon Bundy indicated in his "Proposed Response to Government's Response to Defendant Ammon Bundy's Motion to Modify Protective Order" (#415-1) filed April 15, 2016, that Ryan Bundy joined in the objections.

2 - ORDER

demonstrated there is risk of harm and intimidation to some witnesses or other individuals referenced in discovery." In addition, the Court determined entering a protective order that automatically applied to the specified classes of discovery while providing a procedure by which exceptions could be made served the important interest in this case of allowing the government to produce its voluminous discovery without undue delay so this case could proceed to trial as soon as possible.

In their objections Ammon and Ryan Bundy (referred to collectively as the Bundys) contend the Protective Order is unnecessary because the government has not demonstrated there is any risk of harm or intimidation to witnesses or other persons named in the government's discovery and the Bundys have a need to disseminate discovery materials covered by the Protective Order to the public in order to permit them to "crowdsource" Defendants' investigation. In place of the Protective Order, the Bundys request the Court to require the government to make a specific showing of necessity as to each piece of evidence that allegedly should be protected from public dissemination.

After reviewing the pleadings (including the *ex parte* filing under seal of Ammon Bundy's counsel (#427)), the Court adheres to its finding that a risk of harm and/or intimidation to witnesses or other persons named in the government's discovery exists in this case. In addition to the record that the government made in

support of the Protective Order, the Court notes judges of the court affiliated with this case have been inundated with communications from non-parties who have, in some cases, conveyed harassing and threatening messages and, in any event, have clearly attempted to influence these proceedings.  Although the Court is able to shield itself from such messages, the risk of exposing potential witnesses to such contacts would create an undue risk of prejudice to the ends of justice, the government, and at least some Defendants.

In addition, the Bundys have not demonstrated the "crowdsourcing" of their investigation is necessary or that their investigation cannot be completed using the traditional investigatory methods that the Protective Order allows and, in fact, seeks to protect.  The Court emphasizes the Protective Order does not prohibit the Bundys from "crowdsourcing" their own investigative efforts in compliance with the Protective Order.  The Protective Order merely precludes public dissemination of specified discovery produced by the government.  Accordingly, the Court concludes the Bundys' assertion that public dissemination of discovery materials is necessary to permit the "crowdsourcing" of their investigation does not overcome the need to protect potential witnesses from undue risk of harm and/or intimidation.

Finally, the Court notes the Bundys' proposed method of requiring the government to make a specific showing of necessity

as to each document that it seeks to protect is wholly impractical.  The Court is already requiring the government to produce an extraordinarily large amount of discovery in a relatively short period.  Requiring the government also to make a specific showing of necessity as to each document that it deems necessary to protect would substantially slow the rate at which the government could process and produce discovery and likely would preclude this Court from ensuring the parties are ready to begin trial on September 7, 2016, a date set to ensure the speedy-trial rights of all Defendants.

For these reasons, the Court **OVERRULES** the objections of Defendants Ammon and Ryan Bundy contained in Ammon Bundy's Memorandum (#365) in Opposition to Signed Protective Order and Motion to Modify and **ADHERES** to the Protective Order (#342) issued March 24, 2016.

IT IS SO ORDERED.

DATED this 21st day of April, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge