Terri Wood, OSB #883325
Law Office of Terri Wood, P.C.
730 Van Buren Street
Eugene, Oregon 97402
541-484-4171
Fax: 541-485-5923
Email: contact@terriwoodlawoffice.com

Attorney for Jon Ritzheimer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>-VS-<br><br>AMMON BUNDY, et. al.<br><br>      Defendants | Case No. 3:16-CR-00051-BR<br><br>JOINT STATUS REPORT ON CONTESTED DISCOVERY ISSUES 1, 2, 3, and 7 (ECF No. 699) |

Pursuant to the Court's June 17, 2016, Order, page 6 (ECF No. 726), attorneys for the government, Geoffrey Barrow, and on behalf of all Defendants, Terri Wood, have further conferred to provide this update on contested discovery issues 1, 2, 3 and 7 as identified in the Joint Status Report Regarding Discovery Issues Submitted In Advance Of The June 15, 2016, Status Conference (ECF no. 699).

The parties offer the following:

**Issue #1: Production of "all seized digital media to all defendants"[1].**

The parties reached agreement on this previously contested issue on June 24, 2016. See Joint Status Report (ECF No. 774).

The government has produced this discovery in Volume 41, produced on July 1, 2016. The parties submit that this issue is resolved and will be omitted from future Reports.

**Issue #2: Production of "Nevada discovery to defendants not charged in Nevada".**

All existing discovery from the Nevada case has been provided in the Oregon case to the common defendants who face prosecution in both districts. The government has produced and will continue to produce materials from the District of Nevada that are discoverable under Rule 16 or *Brady* to all defendants. Defendants seek production of all Nevada discovery that has been provided to their co-defendants who are also charged in Nevada, subject to the Oregon protective order, and would stipulate to be further restricted by application of the Nevada protective order to this particular discovery.

---

[1] The government seized the digital devices and applied for a warrant to search the contents of the devices. The government used forensic tools, including but not limited to FTK, to analyze the devices. Agents seized data that was responsive to the warrants and produced forensic reports that catalog the evidence seized. The disputed issue here involves the data that was not seized. by the government because it was not responsive to the warrant.

JOINT STATUS REPORT ON CONTESTED DISCOVERY ISSUES                    Page 2

As noted in the June 24, 2016 Report (ECF NO. 774), the parties after conferral agreed the Court should decide this contested issue, and proposed that Defendants file a single motion for this discovery by July 1st, the government file its Response by July 8th, and the Court then determine whether a Reply or Oral Argument is needed to rule on the motion.

Defendants will file their motion by July 1st. In the absence of further direction by the Court, the government will respond by July 8th.

**Issue #3: Production of "large volume of email messages under review as of 5/18/16 that the Government believes will not be discoverable".**

As discussed in the June 24th Report, the government and the defense have agreed to continue conferring to identify discoverable email messages, including emails that the government may not currently have under review. During the past week, Defendants have not identified any such emails beyond those likely to be related to a pending discovery motion.

The defense has identified some authors (by reference to discovery Bates Numbers) and types of emails in the Reply to Government's Response to Defendants' the Motion To Compel Production of Law Enforcement Use and Display of Force (EFC No. 781), that defendants seek. Some or all of those emails may not be among those the government currently has under review. This issue should resolve when the Court rules on the motion.

**Issue #7: Production of "all seized Facebook content to all defendants."** [2]

The parties reached agreement on this previously contested issue on June 24, 2016. See Joint Status Report (ECF No. 774).

The government has produced this discovery in Volumes 39 and 41.

The parties submit that this issue is resolved and will be omitted from future Reports.

RESPECTFULLY SUBMITTED this 1st day of July, 2016.

/s/ Terri Wood
TERRI WOOD  OSB  883325
Attorney for Jon Ritzheimer

---

[2] Under the terms of the warrant, FaceBook provided data to the government. The government then used software to extract data that was responsive to the warrant and produced reports that catalog the evidence seized. The disputed issue here involves the data that was not seized by the government because it was not responsive to the warrant.