IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,             3:16-cr-00051-BR

       Plaintiff,              ORDER

v.

AMMON BUNDY, JON RITZHEIMER,
JOSEPH O'SHAUGHNESSY, RYAN
PAYNE, RYAN BUNDY, BRIAN
CAVALIER, SHAWNA COX, PETER
SANTILLI, JASON PATRICK,
DUANE LEO EHMER, DYLAN
ANDERSON, SEAN ANDERSON,
DAVID LEE FRY, JEFF WAYNE
BANTA, SANDRA LYNN ANDERSON,
KENNETH MEDENBACH, BLAINE
COOPER, WESLEY KJAR, COREY
LEQUIEU, NEIL WAMPLER, JASON
CHARLES BLOMGREN, DARRYL
WILLIAM THORN, GEOFFREY
STANEK, TRAVIS COX, ERIC LEE
FLORES, and JAKE RYAN,

       Defendants.


BROWN, Judge.

    On August 3, 2016, the Court conducted its regular monthly

Status Hearing at which all of the parties set to proceed to

1 - ORDER

trial beginning September 7, 2016, were present.  Following that
hearing, the Court issues this Order:

**PREPARATION FOR THE PRETRIAL CONFERENCE**

The Pretrial Conference will begin at 9:00 a.m. on
August 22, 2016, in Courtroom 13A.

At the Status Hearing, Defendants requested the Court to
extend their deadline for filing pretrial documents including any
trial memoranda, witness and exhibit lists, and motions *in limine*
from August 5, 2016, until August 10, 2016.  The government did
not object to Defendants' request.  The Court **GRANTS** Defendants'
request, and, therefore, Defendants' pretrial documents are now
due **no later than 5:00 p.m., August 10, 2016**.  The Court,
nonetheless, strongly encourages Defendants to file on August 5,
2016, as originally scheduled any of their papers that can be
reasonably completed by then.  The government's responses to
Defendants' filings are due **no later than August 17, 2016**.

In addition, the Court directs the parties to confer and to
advise the Court via a single, joint message sent to the
Courtroom Deputy **no later than August 12, 2016**, of their
recommendations as to the amount of time the Court should
allocate at the Pretrial Conference for oral argument and
resolution of all evidentiary issues and to facilitate pre-
admission of evidence.  The Court notes pre-admission of

uncontested exhibits can be handled relatively quickly at the Pretrial Conference, and, therefore, the parties only need to provide time estimates for the resolution of ripe, contested evidentiary issues as to the admissibility of trial testimony and exhibits. In addition, the parties should include in their message the logical order in which they propose the Court should hear argument on the evidentiary issues and the amount of time the parties believe will be necessary to hear and to resolve each such issue.

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

The Court will provide the parties shortly with the Court's first draft of preliminary jury instructions, including "elements" instructions which the Court intends to use at the beginning of trial and before opening statements. In order to finalize such instructions by the end of the Pretrial Conference the Court directs the parties to confer and to provide their initial feedback regarding the first draft of such instructions by a single, joint message at a time to be set by the Court, and the Court will then continue corresponding with the parties in advance of the Pretrial Conference in an effort to reach a "final" set of preliminary instructions as to which the parties may take any exceptions on the record at the Pretrial Conference.

## ORDER AND TIME FOR OPENING STATEMENTS AND PROCEDURE FOR WITNESS EXAMINATION

The Court discussed with the parties the order and amount of time needed for opening statements as well as the need to settle the process for Defendants to examine witnesses in this multi-Defendant trial in a nonduplicative and efficient manner that still allows each Defendant to develop his or her theory of defense.  The Court directs Defendants to confer and to send to the Court and the government's counsel a single, joint message with their proposals as to (1) their respective estimates for the time needed for each Defendant's opening statement, (2) the order in which Defendants propose to make their opening statements, and (3) the order and manner in which Defendants propose to cross-examine government witnesses and conduct direct examination of their own witnesses.  The Court reserves it authority to determine the order and manner of proof and intends to address Defendants' proposals at the Pretrial Conference.

## DEFENDANT KENNETH MEDENBACH'S MOTION (#971) TO ALLOW HYBRID COUNSEL

The Court engaged in a colloquy with Defendant Kenneth Medenbach concerning his Motion (#971) to Allow Hybrid Counsel in which Medenbach proposes to permit his standby counsel to conduct witness examination and evidentiary presentation, but subject to Medenbach's control over making opening and closing arguments as

4 - ORDER

well as trial strategy. The Court advised Medenbach that because he retains control over trial strategy, he likely cannot succeed with any future claim of ineffective assistance of counsel in the event he is convicted. In addition, the Court advised Medenbach that, like all other parties, he is required to follow Court orders regarding the admissibility of evidence and allowable arguments and will not be permitted to introduce irrelevant or duplicative material. Both Defendant Medenbach and his standby counsel stated they understood these limitations and that both were comfortable with proceeding in this manner.

Absent direct opposition from the government, on this record the Court **GRANTS** Medenbach's Motion (#971) to Allow Hybrid Counsel.

## DEFENDANT SHAWNA COX'S MOTION (#975) TO SUPPRESS EYEWITNESS IDENTIFICATION

The Court discussed with standby counsel for Shawna Cox the timeliness of Defendant Cox's Motion (#975) to Suppress Eyewitness Identification in light of previously set case-management deadlines and noted this Motion was filed two-and-a-half months after the deadline for motions to suppress evidence. Based on good cause shown at the Status Hearing, the Court, nevertheless, deems Cox's Motion to be timely.

The Court directs the government to respond to Cox's Motion

**no later than 5:00 p.m., August 9**, **2016**.  Cox may file an

optional reply memorandum **no later than Noon, August 12, 2016**.

The Court will conduct an evidentiary hearing and oral argument

on **August 19, 2016**, **at 9:00 a.m. in Courtroom 13A**.

      IT IS SO ORDERED.

      DATED this 4th day of August, 2016.


           /s/ Anna J. Brown

           _____
           ANNA J. BROWN
           United States District Judge