IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION RE: ADVERSE POSSESSION |
| v. | |
| AMMON BUNDY, RYAN BUNDY, SHAWNA COX, DAVID LEE FRY, JEFF WAYNE BANTA, KENNETH MEDENBACH, and NEIL WAMPLER, | |
| Defendants. | |

BROWN, Judge.

This matter comes before the Court on Defendant Ammon Bundy's Motion (#1155) to Dismiss for Lack of Subject-Matter Jurisdiction re: Adverse Possession. The Court concludes the record is sufficiently developed to decide this Motion without oral argument.

In his Motion Ammon Bundy argues Congress limited the Court's subject-matter jurisdiction over this case in the Color

of Title Act, 43 U.S.C. § 1068, and its enacting regulation, 43 C.F.R. § 2541.1. The Color of Title Act provides:

> The Secretary of the Interior (a) shall, whenever it shall be shown to his satisfaction that a tract of public land has been held in good faith and in peaceful, adverse, possession by a claimant, his ancestors or grantors, under claim or color of title for more than twenty years, and that valuable improvements have been placed on such land or some part thereof has been reduced to cultivation, or (b) may, in his discretion, whenever it shall be shown to his satisfaction that a tract of public land has been held in good faith and in peaceful, adverse, possession by a claimant, his ancestors or grantors, under claim or color of title for the period commencing not later than January 1, 1901, to the date of application during which time they have paid taxes levied on the land by State and local governmental units, issue a patent for not to exceed one hundred and sixty acres of such land upon the payment of not less than $1.25 per acre.

In particular, Ammon Bundy contends the Color of Title Act created a right to occupy and to effectuate an ouster on property occupied by the government. Ammon Bundy asserts the Color of Title Act deprives the Court of subject-matter jurisdiction over this matter because this case involves criminal charges based on Bundy's attempt to oust the government from occupation of the land that constitutes the Malheur National Wildlife Refuge, which he contends is expressly authorized by the Color of Title Act. Ammon Bundy contends the government did not take any action to effectuate a civil ejectment of Ammon Bundy and the other Defendants, and, therefore, this Court does not have jurisdiction over these criminal proceedings.

Ammon Bundy, however, has not cited any authority that the Color of Title Act deprives the Court of subject-matter jurisdiction over a criminal matter in which a grand jury issued a Superseding Indictment (#282) after a finding of probable cause that the Defendants violated the federal criminal statutes charged in that Superseding Indictment. The Color of Title Act does not divest the district courts of the United States of original jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231 and this Court's jurisdiction under Article III, Section 2, of the United States Constitution.

Moreover, although Defendants' potential assertions that they acted with an intention to effect an adverse-possession claim may be relevant to contradict the government's allegation that they acted with the intent to join and to accomplish the illegal object of the conspiracy alleged in Count One, Defendants' asserted claim pursuant to the Color of Title Act and related regulations is not a legal defense to the conspiracy charged in Count One or any of the other Counts in the Superseding Indictment. Accordingly, the Court concludes Defendants' assertions regarding adverse possession are only relevant to the issue of intent and do not deprive this Court of subject-matter jurisdiction over these criminal proceedings.

On this record, therefore, the Court **DENIES** Defendant Ammon

Bundy's Motion (#1155) to Dismiss for Lack of Subject-Matter Jurisdiction re: Adverse Possession.

IT IS SO ORDERED.

DATED this 9th day of September, 2016.

_____
ANNA J. BROWN
United States District Judge

4 -   ORDER DENYING DEFENDANT AMMON BUNDY'S MOTION TO DISMISS FOR
      LACK OF SUBJECT-MATTER JURISDICTION RE: ADVERSE POSSESSION