J. Morgan Philpot (Oregon Bar No. 144811)
Marcus R. Mumford (admitted *pro hac vice*)
405 South Main, Suite 975
Salt Lake City, UT 84111
(801) 428-2000
morgan@jmphilpot.com
mrm@mumfordpc.com
*Attorneys for Defendant Ammon Bundy*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br>v.<br>AMMON BUNDY, *et al*,<br>    *Defendants*. | Case No. 3:16-cr-00051-BR<br><br>DEFENDANT AMMON BUNDY'S MOTION TO COMPEL INFORMATION REGARDING THE GOVERNMENT'S USE OF INFORMANTS<br><br>District Judge Anna J. Brown |

Defendant Ammon Bundy moves to compel the government to provide information regarding its use of informants in the investigation of this matter, and to identify any and all agents who could testify knowledgeably regarding such matters at trial.

The Court recently circulated its First Draft Final Jury Instructions, dated October 4, 2016, which added an instruction regarding the "Government's Use of Undercover Agents and Informants." On October 10, 2016, Mr. Bundy requested language in that proposed instruction to make clear that "a person cannot be convicted of conspiring with someone working on behalf of law enforcement, such as an informant," and that, in proving its conspiracy charge, "the government must prove beyond a reasonable doubt that a defendant conspired with at least one other person, and that other person is not a government informant." [#1403] As authority for this request, Mr. Bundy cited *United States v. Escobar De Bright*, 742 F.2d 1196, 1200-02 (9th Cir. 1984) (reversing for failing to instruct jury that it "could find the defendant guilty of conspiracy only if it determined that he acted with the knowledge that persons other than the government

1

agent were also involved in the illegal scheme," adopting the rule from *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965)), *United States v. Ritter*, 989 F.2d 318, 321 (9th Cir. 1993) (reversing convictions for conspiracy where defendant's only coconspirators were government agents and informers), *United States v. Pennell*, 737 F.2d 521, 536 (6th Cir. 1984) ("[P]roof of an agreement between a defendant and a government agent or informer will not support a conspiracy conviction."), and *United States v. Stone*, Case No. 10-20123, 2012 WL 1034937, at *7 (E.D. Mich. March 27, 2012) (same).

In response, the government did not dispute the statements of law set forth in Mr. Bundy's filing, but, rather, argued that Mr. Bundy's request was improper "because Ammon Bundy has never advanced a theory or proffered evidence to suggest that he conspired to violate 18 U.S.C. § 372 with a government agent, but with no one else." [#1420] In other words, the government is arguing that unless and until Mr. Bundy admits that he conspired to violate 18 U.S.C. § 372, but with a government informant, the jury should not be instructed regarding the government's burden to prove that he conspired with at least one other person who is not a government informant.

The government's argument is misplaced for at least two reasons: First, it improperly seeks to shift the burden of proof on this issue to the defendant. *See United States v. Lake*, 482 F.2d 146, 149 (9th Cir. 1973) (reversing conviction for draft evasion where the court's jury instruction "erroneously place[d] the burden of proof upon the defendant to prove his non-receipt" of the draft notice). "The government must prove beyond a reasonable doubt every element necessary for conviction." *Id*. Here, the Superseding Indictment alleges that Mr. Bundy conspired with a number of persons "known and unknown." [#282 at 2] To say that Mr. Bundy can request a proper instruction regarding the government's use of informants, and the

impossibility of conspiring with informants, only after he admits to attempting to break the law with someone who happens to be a government informant, is improperly shifting the government's burden of proof to the defense.

Second, the government's position is disingenuous when the Court considers how the government has blocked and frustrated Mr. Bundy's efforts to expose the government's use of informants in the investigation of this matter. Among other things, the government blocked questions regarding its use of informants that Defendants posed to FBI Agents Ronnie Walker on September 27, 2016, and Christopher Luh and Chad Lapp on September 28, 2016 (after the Court originally overruled the government's relevance objection in the case of Agent Luh). Earlier this week, the Court sustained the government's relevance objections regarding whether government informant Terri Linnell was aware of other informants. Thereafter, the government cross-examined Ms. Linnell based on what turned out to be an unredacted version of reports that the government had only produced to Defendants in heavily redacted form, making it so Defendants were unable to confirm that the government even had a good faith basis for the questions in the government's cross-examination of Ms. Linnell. These facts give further reason why the government's proposal is unfair – even if its proposal reflected a proper statement of the law, which it does not, the government cannot shift a burden of proof to Defendants on an issue while simultaneously blocking Defendants' efforts to obtain the testimony or other evidence they would need to satisfy that burden.

*   *   *

Mr. Bundy anticipates that the Court will entertain further argument regarding the confidential informant jury instruction in an upcoming hearing. In the meantime, he requests that the Court order discovery on this issue, as set forth below. This discovery is warranted and

required under Rule 16 of the Federal Rules of Criminal Procedure, *see* Fed. R. Crim. P. 16(a)(1)(E)(i) and Adv. Comm. Notes 1974 (stating that Rule 16 "is not intended to limit the judge's discretion to order broader discovery in appropriate cases"); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010), *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and related authority. Any doubt regarding the government's need to disclose such evidence should be resolved in favor of disclosure. *See United States v. Ramirez*, 608 F. 2d 1261, 1266, n.6 (9th Cir. 1979) (citing *United States v. Agurs*, 427 U.S. 97, 108 (1976)); *Kyles v. Whitley*, 514 U.S. 419, 439 (1995) ("prosecutor[s] anxious about tacking too close to the wind will disclose a favorable piece of evidence").

In preparation for this motion, Mr. Bundy went back into the government's discovery and located references to at least 15 confidential human sources, for which the government produced several heavily redacted Form 1023s. These government memos, however, do not identify the informant or their handlers. To resolve the game of cat and mouse that has developed on this issue, Mr. Bundy requests that the government be ordered immediately to:

- Identify any and all government informants and/or undercover agents with whom any or all of the Defendants may have come in contact in the time period from November 2015 to the present;
- Explain the time period of activity for each informant and/or agent, and the terms of the relationship (i.e., any compensation or favorable treatment given or promised to the informant and/or agent?);
- Produce any and all memos (Form 1023s, etc.) related to these informants and/or agents in unredacted form (subject to the protective order in the case); and
- For each informant and/or undercover agent, identify the government agent who

can give percipient testimony regarding their interactions with Defendants and the other alleged co-conspirators.

Respectfully requested this 12th day of October, 2016.

*/s/ Marcus R. Mumford*
Marcus R. Mumford
J. Morgan Philpot
Attorneys for Ammon Bundy
