IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:16-cr-00051-BR |
| Plaintiff, | ORDER GRANTING IN PART GOVERNMENT'S MOTION TO |
| v. | ENFORCE PROTECTIVE ORDER |
| JASON PATRICK, DUANE LEO EHMER, DYLAN ANDERSON, SEAN ANDERSON, SANDRA LYNN ANDERSON, DARRYL WILLIAM THORN, and JAKE RYAN, | |
| Defendants. | |

BROWN, Judge.

This matter comes before the Court on the government's Motion (#1680) to Enforce Protective Order in which the government seeks to enjoin a third party, Gary Hunt, from further dissemination of discovery materials that are protected by the Court's Protective Order (#342) issued March 24, 2016.

Through the Affidavits (#1681, #1690) of FBI Special Agent Ronnie Walker, the government asserts Hunt published excerpts

1 -  ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ENFORCE PROTECTIVE ORDER

from protected discovery materials on his website beginning on
November 15, 2016, and continuing through the present.  In
particular, the government contends the postings on Hunt's
website identify some of the confidential human sources (CHSs)
that the government used during the occupation of the Malheur
National Wildlife Refuge.  This information is not only protected
by the Protective Order (#342), but the Court also found in its
Order (#1453) issued October 18, 2016, that the government had
provided to Defendants all information regarding CHSs that was
relevant and helpful to the defense and, in particular, that the
government was not obligated to disclose to Defendants the
identities of the CHSs.  Thus, the information in Hunt's postings
should not be publicly available.

The record reflects FBI Special Agent Matthew Catalano met
Hunt, who resides in Los Molinos, California, on January 5, 2017,
and personally served him with a cease-and-desist letter from the
government that demanded Hunt remove all discovery materials from
his website.  Special Agent Catalano also provided Hunt with a
copy of this Court's Protective Order (#342).  According to SA
Walker, Hunt stated he did not intend to comply with the cease-
and-desist letter and did not believe that the Protective Order
applied to him.  It appears Hunt has not removed the protected
discovery materials from his website.

To the knowledge of the government, Hunt is not a member of

2 -  ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ENFORCE
     PROTECTIVE ORDER

the staff of any defense counsel representing any Defendant in

this case.

The Court issued the Protective Order in order to obviate "a

risk of harm and intimidation to some witnesses and other

individuals referenced in discovery."  Order (#285) issued

Mar. 9, 2016, at 2.  The Protective Order (#342) states defense

counsel may only provide copies of the discovery in this case to:

> (1) The defendants in this case;
>
> (2) Persons employed by the attorney of record who are
> necessary to assist counsel of record in preparation
> for trial or other proceedings in this case; and
>
> (3) Persons who defense counsel deems necessary to
> further legitimate investigation and preparation of
> this case.

Protective Order (#342) at 1.  The Protective Order requires any

person who receives a copy of the discovery to "use the discovery

only to assist the defense in the investigation and preparation

of this case and *shall not reproduce or disseminate the discovery*

*material to any other person or entity*."  *Id.* (emphasis added).

Defense counsel are further required to "provide a copy of this

Protective Order to any person above who receives copies of

discovery."  *Id.*

The Court notes although the literal terms of the Protective

Order do not apply to third parties who obtain protected

materials from a source other than defense counsel, it is well-

settled that the Court may, nonetheless, prohibit a third party

3 -   ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ENFORCE
      PROTECTIVE ORDER

from violating a court order when that third party "'actively aid[s] and abet[s]'" a violation of such an order.  *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995)(quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985)). Moreover, the Court has jurisdiction to enforce its orders within the jurisdiction of the United States.  *Reebok Int'l*, 49 F.3d at 1391.

In order to make clear in the public record that the Protective Order prohibits even third parties from disseminating protected materials and information, the Court is filing a Supplement to the Protective Order together with this Order.

On this record, therefore, the Court concludes the government has sufficiently demonstrated that Hunt has aided and abetted the dissemination of materials covered by the Protective Order, and, therefore, the Court **GRANTS in part** the government's Motion (#1680) to Enforce Protective Order as follows:

1.    The Court **DIRECTS** Hunt to remove all protected material and/or information derived from material covered by the Protective Order from his website(s) within 24 hours of the service of this Order;

2.    The Court **ENJOINS** Hunt from further dissemination of material covered by the Protective Order or information derived therefrom to any person or entity.

4 -   ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ENFORCE
      PROTECTIVE ORDER

3.    The Court **DIRECTS** the government to serve Hunt personally with a copy of this Order together with a copy of the Protective Order (#342) and the Supplement (#1692) thereto as soon as possible and to file immediately in the record a certificate stating it has effectuated such personal service or otherwise ensured Hunt has personal knowledge of the contents thereof.

4.    In the event that Hunt fails to comply with this Order after he is served, the government may initiate contempt or other enforcement proceedings in a court of competent jurisdiction.[1]

5.    In the event that the government obtains reliable evidence regarding the source from which Hunt obtained the protected materials, the Court trusts the government will seek appropriate relief from the Court without delay.

IT IS SO ORDERED.

DATED this 11th day of January, 2017.

S/ Annna J. Brown
ANNA J. BROWN
United States District Judge

---

[1] Because the question is not presently before it, the Court does not express any opinion regarding which United States District Court would have jurisdiction to require Hunt to appear personally in such enforcement proceedings.